## THE INHABITANTS OF MIDDLEBOROUGH *vs.* THE INHABITANTS OF TAUNTON.

Where the line between two towns, situated in different counties, is the centre of a highway, and one of the towns is indicted for not repairing the same, and submits to the payment of a fine, which is laid out in repairing the road, such town cannot recover one half of the money so paid, against the other town, in an action for money paid to the use of the latter.

THIS was an action of *indebitatus assumpsit* for money alleged to have been paid, laid out, and expended by the defendants, for the use of the plaintiffs.

At the trial, which was before *Wilde*, J., in this court, it appeared, that, at the April term, 1846, of the court of common pleas for the county of Plymouth, the plaintiffs were indicted for neglecting to repair a highway, situated partly or wholly in Middleborough; that the indictment was continued from term to term, until April, 1847, when the plaintiffs pleaded that they would not contend with the commonwealth, and

the court thereupon imposed upon them a fine of $300, to be appropriated to the repair of the highway, and appointed an agent to superintend the collection and application of the same for that purpose, and also ordered the plaintiffs to pay the costs of the prosecution, amounting to $52·94; that the fine was collected and expended according to the order of the court; that the further sum of $20 was expended by the plaintiffs in repairing the highway, during the pendency of the indictment; and that the plaintiffs had also paid the costs of the prosecution.

· The plaintiffs alleged, in the specification of their demand, that the highway which was the subject of the indictment against them was upon the dividing line between the towns of Middleborough and Taunton; that the duty of repairing the same was equally incumbent on both towns; and that the plaintiffs, having been compelled by law to repair the whole, at their own expense, were entitled to recover one half the amount so paid of the defendants.

The plaintiffs introduced in evidence the original location of the highway, with the condition and terms thereof; also an ordinance defining the boundaries of the town of Middleborough, together with numerous perambulations of the selectmen of both towns, extending from 1702 to 1825, inclusive; from all which they contended, that it was manifest, that the boundary between the towns of Middleborough and Taunton was the highway in question, and that there was a joint obligation on those towns to maintain and repair the same.

The defendants introduced in evidence perambulations of 1830, 1835, and 1840, upon the construction of which the court ruled, that the whole highway was in the town of Middleborough, and that there was nothing in the other papers and perambulations, which explained any ambiguity in the perambulations produced by the defendants, or upon which the plaintiffs could recover in this case.

It was thereupon agreed, that the plaintiffs should become nonsuit, subject to the opinion of the whole court; and

that if the ruling were not sustained, there should be a new trial, unless the court should be of opinion, that no action could be maintained upon the case stated by the plaintiffs.

*E. P. Hathaway*, for the plaintiffs.

*J. H. Clifford* and *T. D. Eliot*, for the defendants.

SHAW, C. J.    The case on the part of the plaintiffs is, that they were indicted for not repairing a highway lying, as they allege, partly in the town of Middleborough and partly in Taunton ; that they submitted to the indictment, and were fined thereon three hundred dollars, which, pursuant to law, was ordered to be laid out, and was laid out, in repairing the road ; that the defendants were equally liable with themselves to keep this way in repair ; and, therefore, that the defendants are equitably bound to make contribution to the plaintiffs of one half of the expenses so incurred by them.

The defendants, at the trial, denied that any part of the road was within the bounds of their town ; and they also insisted, that if any part of it was within that town, still they were not liable in this action.

After the plaintiffs had given evidence tending, as they insisted, to show that the road was partly in each town, the middle of the road being the boundary, the defendants gave in evidence the perambulation made in 1830, followed by one in 1835, and another in 1840, the last next preceding the indictment, by the construction of which, the whole of the way in question fell within the limits of Middleborough.    The court thereupon ruled, that by the terms of these perambulations, the road fell within the limits of Middleborough, and that there was nothing in the other papers or perambulations, which explained any ambiguity in the perambulations produced by the defendants, or upon which the plaintiffs could recover in the case.    It was then agreed, that the plaintiffs should become nonsuit, subject to the opinion of the whole court.

1. The court are of opinion, that a perambulation, made by the officers of the respective towns, pursuant to law, and returned and recorded, is very strong evidence of the boun-

daries of towns, but not conclusive ; and that towns are not in law estopped by it. It is a clear and deliberate admission, by those appointed by law to act for the respective towns ; but as selectmen are authorized only to declare the bounds. of towns, and not to fix them originally, or to change them when established by another and competent authority, perambulations made by them are not conclusive. *Freeman* v. *Kenney,* 15 Pick. 44. The plaintiffs, we think, had a right to go to the jury upon the evidence, if they wished, and we do not understand from the report that they were prevented from doing so ; but, upon a suggestion from the court, they were willing to become nonsuit, subject to the opinion of the whole court. The case therefore stands upon the ordinary footing of a nonsuit entered upon the recommendation of the judge at *nisi prius,* subject to revision by the whole court. If, therefore, the jury could rightfully, upon this evidence, have returned a verdict for the plaintiffs, which the court would not set aside, the nonsuit should be taken off.

It is difficult, without a full and accurate report of the evidence, and without a view, to revise the case as a question of fact upon evidence, when the description in original locations is brief and imperfect ; when it is necessary to go back to ancient locations by description ; when the localities have much changed, trees and other objects used as calls having decayed or disappeared, and lands used for a like purpose having changed owners, perhaps many times. We should have been disposed to take more time to examine the evidence, were we not satisfied upon the other point, that a new trial can be of no avail to the plaintiffs.

2. The court are of opinion, that this action cannot be maintained, even if the plaintiffs are right in assuming that the line of the two towns, at the part thereof in question, is the middle line of the road.

This is an action for money paid, laid out and expended, at the request and for the benefit of the defendants. One cannot make another his debtor, without his request, in fact or in law, and especially by an act done contrary to his ex-

press will.   It is therefore necessary, in an action of this description, to aver and prove the defendant's special instance and request.   It is true, that, in many cases, the law implies a request; and, in such cases, the implication sustains the averment.   Thus, where one is compelled to pay money for another as surety, indorser, or the like, the obligation to pay, entered into for the benefit and at the request of the principal, is in law a request to pay the debt.   So, where two or more are severally subject to one common debt, and one pays the whole, and thereby relieves his co-surety, as well as himself; then, as to one half, such surety pays for the use of the co-surety, who was equally liable; and an equitable obligation therein arises, on the part of the co-surety, to pay an equal share of the common debt, upon which equitable obligation the law implies a promise.   *Deering* v. *Winchelsea,* 2 Bos. & Pul. 270.

But the case in question comes within none of these principles.   The learned counsel for the plaintiffs began by stating, and his case goes on the assumption, that the road was one half in Middleborough, and one half in Taunton.   It cannot be denied, that towns may be bounded by the middle of a highway, although it is manifestly attended with great inconveniences.   *Comm'th* v. *Stockbridge*, 13 Mass. 294.

Such a boundary may become established, when both sides of the road are originally within one town, and the town is afterwards divided by a line coinciding with the middle line of the road.   The inconvenience is greatly enhanced, when the line is not only the dividing line of towns, but of counties.   In such a case, the county commissioners of each county have no authority to alter or discontinue that part of the road which lies beyond the middle line; and the grand jury of each county have no jurisdiction beyond that line, to present the town for defects in the road.

But it is said, that towns are by law (Rev. Sts. *c.* 25, § 1) obliged to repair highways; and it is certainly true, that all highways " within the bounds of any town " are to be kept in repair at the expense of such town.   If towns repair be-

yond their bounds, without an actual request, it is a voluntary act, done in pursuance of no obligation or duty; and money laid out for such a purpose is not expended at the implied request of the town subject to the duty of such repairs. But it is said, that the plaintiffs were indicted for not repairing this road, and that they were fined, and the amount of the fine was laid out, according to law, in repairing the road.

The indictment could only apply to that part of the road which lay on the Middleborough side of the dividing line; if, in terms it extended beyond that, it was without the jurisdiction of the grand jury, and void. If the money was expended in repairing beyond the same line, it was not according to law, or the authority of the agent. If the indictment in terms extended to the whole road, it would rather seem to result from the defendants' plea of *nolumus contendere*, that they submitted to the jurisdiction, and admitted that the whole surface of the road was within their limits. But without insisting upon this estoppel, it is quite certain, that this indictment of Middleborough in the county of Plymouth imposed no duty or charge, and could impose none, upon Taunton in the county of Bristol.

It seems to us, therefore, that the case of the plaintiffs falls within this dilemma. If the road was wholly in Middleborough, the plaintiffs have merely performed their own duty, and paid their own debt. If one half of it only was in Middleborough, the other was in another town and county; and the plaintiffs, if they have laid out money to repair it, have done so in pursuance of no actual request, or of any common duty or obligation, constituting a request in law; and, of course, that an action for money paid will not lie.

*Judgment for the defendants.*